# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARYLAND CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-1289-HE |
| | ) | |
| BORETEX, LLC, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Maryland Casualty Company ("MCC") has sued defendant and third-party plaintiff Boretex, LLC ("Boretex"), an excavation company, asserting claims for breach of contract and unjust enrichment. MCC seeks unpaid policy premiums allegedly due from Boretex in connection with a general liability policy issued by MCC. Boretex filed a third-party complaint against third-party defendants PaceSetter Personnel Services, Inc. ("PaceSetter"), The Insurance Center Agency, Inc., and John Gipson,[1] essentially seeking indemnity for any amount/damages it may owe MCC. Presently before the court are four motions for summary judgment: (1) MCC seeking summary judgment against Boretex, (2) Boretex seeking summary judgment against MCC, (3) Boretex seeking summary judgment against PaceSetter, and (4) PaceSetter seeking summary judgment against Boretex. All the motions have been responded to and are now at issue.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P.

---

[1] *Loftin, Humphry & Associates, Inc. was also named a third-party defendant but has since been dismissed. [Doc. #54].*

56(c). The court must review the evidence, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. In re Wal-Mart Stores, Inc., 395 F.3d 1177, 1189 (10th Cir. 2005). Applying the Rule 56 standard, the court concludes that material questions of fact exist with respect to the claims between MCC and Boretex but not as to the claims between Boretex and PaceSetter.

The issues between MCC and Boretex involve a determination of the premiums due to MCC based on the coverage it provided. The parties' submissions indicate the premium was to be calculated, in part, based on Boretex's employee payroll. Under MCC's view of the policy, the amounts paid by Boretex for PaceSetter employees are included in the premium calculation—whether those employees are deemed leased or temporary is of no consequence. Conversely, under Boretex's view of the policy, the distinction between leased and temporary employees is relevant, and the employees it obtained from PaceSetter are temporary and therefore, under the terms of the policy, not included in the premium calculation. The court concludes that material questions of fact remain as to these issues, including the question of what the insurance policy actually contemplated as to the inclusion in the payroll base of "leased" versus "temporary" employees and, if that distinction is ultimately determinative, whether the particular employees supplied to and used by Boretex qualified as temporary rather than leased employees. Further, some questions appear to remain as to whether, based on audits conducted by MCC, a basis for an estoppel defense

2

exists.[2] As a result, the motions for summary judgment between MCC and Boretex must be denied.

The court concludes, however, that no questions of material fact exist which preclude resolution of the issues between Boretex and PaceSetter. Boretex argues it understood PaceSetter to have agreed to provide insurance for the employees it provided and that, if it did not do so, Boretex should recover something. However, Boretex's own statement of undisputed facts includes the assertion that the employees in question were in fact insured by Ace American, through coverage procured by PaceSetter (through a related entity). PaceSetter explicitly agrees with this assertion. *See* Doc. #58 ("PaceSetter does not dispute any of the material facts Boretex asserts . . . ."). The undisputed facts thus establish that PaceSetter did what it agreed to do—it provided liability coverage as to the employees supplied by it. Beyond that, Boretex appears to argue, in essence, that if it owes anything to MCC, then PaceSetter must somehow be automatically bound to indemnify it for the premiums owed. However, there is no basis in the contract of the parties, nor in Boretex's submissions otherwise, to support that claim. As a result, there is no evidence before the court to suggest PaceSetter did anything other than what it agreed to do or that some other basis exists for shifting Boretex's premium liability, if any, to PaceSetter.

Based on the foregoing, MCC's motion for summary judgment against Boretex [Doc.

---

[2]*At least a portion of the "audits" referenced in Boretex's initial response involved policies other than the one involved in this case. However, there is evidence as to premium audit recaps apparently applicable to this policy and the court cannot say, on the present showing, that the undisputed facts preclude the existence of an estoppel defense.*

#52] and Boretex's motion for summary judgment against MCC [Doc. #57] are **DENIED**.

Boretex's motion for summary judgment against PaceSetter [Doc. #57] is **DENIED**, and PaceSetter's motion for summary judgment against Boretex [Doc. #58] is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 16th day of February, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE